**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: March 01 2007**

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| **In Re:** Sean Paul Kowalski | ) | Case No. 05-31859 |
| Deborah Lee Kowalski | ) | |
| | ) | Chapter 7 |
| | ) | |
| **Debtor(s)** | ) | **JUDGE MARY ANN WHIPPLE** |
| | ) | |

## MEMORANDUM OF DECISION REGARDING MOTION TO REDEEM

This case is before the court on Debtors' motion to redeem a motor vehicle under 11 U.S.C. § 722 [Doc #64] from the lien of Household Auto Finance ("Household") and Household's objection to the motion [Doc. #67].[1] The specific issue raised is the redemption value of Debtors' motor vehicle where they converted their case from chapter 13 after confirmation of a plan that resulted in different treatment of Household's allowed secured claim than they now propose under § 722.

---

1

The court has jurisdiction over Debtors' chapter 7 case pursuant to 28 U.S.C. §§ 1334(a) and 157(a). The United States District Court for the Northern District of Ohio has referred all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 to the bankruptcy judges in this district. General Order 84-1. The motion to redeem is a core proceeding that this court may hear and determine. 28 U.S.C. § 157(b)(1) and (b)(2)(K) and (O).

Debtors commenced their chapter 13 case on March 8, 2005. This case is governed by the Bankruptcy Code prior to the amendments effected by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), which became effective in pertinent part to cases commenced on and after October 17, 2005. All statutory references in this decision are to the pre-BAPCPA Bankruptcy Code. It makes a difference which version of the Bankruptcy Code applies, because Sections 348, 506 and 722 governing the outcome of this dispute were all significantly amended by BAPCPA. The result the court reaches below would be the same under BAPCPA, although for different reasons based on a different statutory analysis.

Among Debtors' assets at the commencement of their chapter 13 case was a 2000 Oldsmobile Alero motor vehicle scheduled with a value of $4,500. [Doc. #1, Schedules B and D]. The car was subject to Household's lien, securing a debt of $8,566.18 according to Household's proof of claim. [Claim #8, amending Claim #2]. In their chapter 13 plan [Doc. #2], Debtors proposed the following treatment of secured claims other than their home mortgage:

> Secured Creditors will retain their liens and will be paid in full to the extent of the value of their collateral which is property of the estate, in accordance with Section 506, and to the extent that their claims are in excess of the collateral value, they will be treated as unsecured.

On October 5, 2005, before the plan was confirmed, Debtors objected to Household's original proof of claim, which asserted a secured claim amount of $5,087.50 and the balance due as unsecured. Debtors argued in their objection that Household's secured claim based on the value of the car was $4,500. [Doc. #20]. Household did not contest the objection, and an order was entered granting it on July 13, 2005. [Doc. # 31]. The order provided that Household would be allowed a secured claim of $4,500 with interest at the rate of 6% and an unsecured claim in the amount of $4,066.18. Household later amended its proof of claim to reflect these amounts. In the meantime, Debtors' chapter 13 plan had been confirmed by order entered on May 13, 2005. [Doc. # 24]. Before completion of the plan, Debtors on April 11, 2006, converted their chapter 13 case to chapter 7. [Doc.

2

#51]. Before conversion the chapter 13 Trustee had distributed to Household under the confirmed plan the total amount of $432.59 on account of its secured claim.

After conversion, Debtors filed their motion for authority to redeem the car from Household's lien by paying the amount of $2,500 as the redemption value of the collateral. Household asserts that Debtors are bound by the secured claim value established in the superseded chapter 13 case, and that they should therefore be required to pay the balance due on the secured claim of $4,067.41 to redeem the collateral. At the hearing Debtors presented the testimony of Sean Kowalski and the Kelly Blue Book market report on their car, which support their claimed redemption value of $2,500. The court must decide whether Debtors are bound for chapter 7 redemption purposes by the secured claim value determined in their chapter 13 case. If they are not, the evidentiary record supports that the redemption value of the car is the $2,500 proven by Debtors.

In order to redeem personal property from a lien, a chapter 7 debtor must pay "the holder of such lien the amount of the allowed secured claim of such holder that is secured by such lien" as required by § 722. An "allowed secured claim" is defined in 11 U.S.C. § 506(a) as follows:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use on a plan affecting such creditor's interest.

The pre-BAPCPA version of § 506(a) did not contain any specific valuation standard, leaving it to the courts to determine valuation standards appropriate to specific provisions of and issues under the Bankruptcy Code.

The Supreme Court set the standard for valuing collateral retained by chapter 13 debtors in *Associates Commercial Corp. v. Rash*, 520 U.S. 953, 963, 117 S.Ct. 1879, 138 L.Ed.2d 148 (1997).

3

*Rash* held that under § 506(a) the value of property retained when the debtor seeks to "cram-down" a creditor's claim in a chapter 13 case is the "cost the debtor would incur to obtain a like asset for the same proposed use." In other words, *Rash* required a debtor to value the creditor's collateral in a chapter 13 at replacement value.

The Sixth Circuit had not ruled before BAPCPA on the proper valuation standard for a secured creditor's allowed claim for purposes of redemption under § 722. In the absence of binding Sixth Circuit authority, courts in this circuit generally held that a creditor's allowed secured claim under § 506(a) for purposes of redemption under § 722 was measured by the liquidation value of the collateral, that is, the amount that the creditor would expect to recover upon repossession and sale by auction or other wholesale means. *Triad Financial Corp. v. Weathington (In re Weathington)*, 254 B.R. 895, 899 (B.A.P. 6th Cir. 2000); *see also In re Donley*, 217 B.R. 1004, 1007 (Bankr. S.D. Ohio 1998).

Under § 506(a) the different purposes of valuation of a secured creditor's collateral resulted in different valuation standards being applied to chapter 13 cramdown and chapter 7 redemption. Household's secured claim amount in the chapter 13 reflects replacement value of the car while Debtors' proposed redemption value reflects the lower liquidation value.

Debtors assert that they are not bound by the secured claim amount of the car in the chapter 13 case because of the different valuation standards. The court agrees with Household that notwithstanding the differing valuation standards the court must turn to 11 U.S.C. § 348(f)(1) to determine the amount of allowed secured claim in a case converted from chapter 13 to chapter 7:

> Except as provided in paragraph (2), when a case under chapter 13 of this title is converted to a case under another chapter under this title–...
>
> (B) valuations of property and of allowed secured claims in the chapter 13 case shall apply in the converted case, with allowed secured claims reduced to the extent that they have been paid in accordance with the chapter 13 plan.

On its face this provision applies precisely in the procedural posture of this case: conversion from

4

chapter 13 to another chapter of the Bankruptcy Code. Likewise a number of cases have applied this provision and held that the valuation of an allowed secured claim in a chapter 13 case must be used when a debtor seeks to redeem in the converted chapter 7 case. *In re Davis*, 300 B.R. 898 (Bankr. N.D. Ill. 2003); *see In re Dean*, 281 B.R. 912 (Bankr. W.D. Tenn. 2002); *In re Rodgers*, 273 B.R. 186 (Bankr. C.D. Ill. 2002); *In re Archie*, 240 B.R. 425 (Bankr. S.D. Ala. 1999); *see also In re Pearson,* 214 B.R. 156, 165-66 (Bankr. N.D. Ohio 1997)(court states in dicta that if a lien were subject to redemption in chapter 7 after conversion, the debtor could have redeemed with no additional payment)*; cf. In re Woodland*, 325 B.R. 583 (Bankr. W.D. Tenn. 2005). Except for *Davis,* which is on point with this case, the application of § 348(f)(1)(B) in these other cases resulted in a benefit to the debtor because the debtor had made substantial plan payments reducing or eliminating the secured claim amount before conversion. That is not the situation in this case. While the legislative history of § 348(f)(1), which was added to the Bankruptcy Code in 1994, suggests that it was intended to benefit debtors to encourage them to seek relief under chapter 13, H.R. Rep. 103-835, at 57 (1994), reprinted in 1994 U.S.C.C.A.N. 3340, 3366, there is nothing in the plain language of § 348(f)(1) to suggest that its application should ultimately depend on whose benefit is served by the result. There is no ambiguity in this statute, and the court must construe it so as to afford the language its plain meaning. *U.S. v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 240-41 (1993). That done, "[t]here generally is no need for a court to inquire beyond the plain language of the statute." *Id.* The court thus does not have any authority to ignore § 348(f)(1) notwithstanding what has been aptly described by one bankruptcy judge as the "judicial gloss that has developed on the statute [§ 506] lead[ing] to a direct conflict with the plain language of § 348(f)(1)(B)." *Davis*, 300 B.R. at 902.

Given the court's conclusion of law that § 348(f)(1) applies, the last question that must be answered is whether valuation of both the car and Household's secured claim occurred in the chapter 13 proceedings. Much judicial ink has been spilled over whether so-called implied valuations of

5

property based on schedule values and the subsequent plan confirmation process and order constitute "valuations of property and of allowed secured claims" as contemplated by § 348(f)(1)(b). *E.g. In re Lynch*, BAP No. NC-06-1223-DBPa, 2007 Bankr. LEXIS 445 (B.A.P. 9th Cir. January 11, 2007) and cases cited and discussed therein. The court does not need to reach the issue of the effect of the confirmation process in this case because separate contested proceedings directed specifically at valuation of the collateral and of Household's allowed secured claim occurred in the chapter 13 case through the claim objection process. The value of the car and the amount of Household's allowed secured claim were directly placed in issue by Debtors' objection to Household's original claim, followed by the court's order determining both as $4,500 and Household's subsequent amendment of its claim in conformity with the claim objection proceedings. Notwithstanding that Household did not oppose the objection, the claim objection is a contested matter and Debtors are equally bound by Household's default and the resulting court order as Household is. Where there is a court order from the superseded chapter 13 case specifically and separately addressing both collateral value and the amount of the allowed secured claim, "valuation" has occurred within the meaning of § 348(f)(1)(B). The value of Household's allowed secured claim in this chapter 7 case is $4,500 less the $432.59 distributed on account of its secured claim by the chapter 13 Trustee, or the $ 4,067.41 amount asserted by Household. If Debtors want to redeem their 2000 Oldsmobile Alero from Household's lien, they must pay that amount to Household in a lump sum.

    The court will enter a separate order granting Debtors' motion to redeem as provided in this memorandum of decision.